IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-249 |
| ) | Judge Thomas M. Hardiman/ |
| WAKEFIELD, Correctional Superintendent; ) | Magistrate Judge Amy Reynolds Hay |
| HOFFMAN, Correctional Sergeant; ) | |
| SAYLOR, Correctional Officer; ) | |
| LANDER, Correctional Officer; ) | |
| SHROYER, Correctional Officer; ) | |
| KUHN, Correctional Officer; ) | |
| and GUZZIE, Correctional Officer, ) | |
| ) | |
| Defendants ) | RE   Doc. 24. |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the Defendants' Motion to Dismiss be denied in part and granted in part. It should be granted as to Defendant Wakefield and he should be dismissed as a party defendant. It should be granted as to the verbal threats claim against Defendant Hoffman. It should be denied as to Plaintiff's conditions of confinement claim concerning his stay in the strip cell.

REPORT

Steven Reid, ("Plaintiff") is currently incarcerated in the State Correctional Institution at Greene County ("SCI-Greene"), serving a state sentence of 2 to 4 years. Pursuant to 42 U.S.C. § 1983, he has filed a civil rights lawsuit against the seven defendants who were allegedly involved, either personally or as supervisors, in an alleged assault that took place on October 30, 2005, in SCI-Greensburg, the state prison in which he was housed at the time.

**A.     Relevant Procedural History**

Plaintiff is proceeding in forma pauperis and filed both a complaint and an amended complaint. The amended complaint is the operative complaint. <u>New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492, 1504 (3d Cir. 1996)("the amended complaint 'supersedes the original and renders it of no legal effect'"). However, that amended complaint added allegations against individuals who were not named as defendants in the original complaint and who were not named in the caption of the amended complaint. Nor did Plaintiff provide service papers for these new individuals and they have not been served with process. It is not clear whether Plaintiff intended to add these other individuals as new defendants. Because the additional individuals have little, if anything to do with the alleged assault on Plaintiff that allegedly occurred on October 30, 2005, and because the additional allegations not contained in the original complaint complain about actions taken as early as July 21, 2005, and as late as April 21, 2006, in two different prisons, the additional allegations against the newly named individuals do not appear to meet the joinder requirements of Fed.R.Civ.P. 20, and because those newly mentioned individuals have not been served within 120 days of the filing of the complaint as required by Fed.R.Civ.P. 4(m),[1] the amended complaint will be

---

[1] Fed.R.Civ.P. 4(m) provides that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Even if Plaintiff could show good cause for not assuring service of the newly named individuals within the required time limits, because he could not meet the joinder requirements of Fed.R.Civ.P. 20, a showing of good cause would not prevent the dismissal of the newly named individuals due to non-compliance with Rule 20 and its joinder requirements.

considered to only be alleging causes of action against the original seven named defendants.  See, e.g, Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982)(affirming dismissal of a party defendant where the joinder requirements of Rule 20 were not met).  If Plaintiff wishes to pursue claims against any of the individuals named in the body of the amended complaint other than the seven originally named defendants, he is free to institute a new civil action at a new civil number, solely against those individuals, i.e., he may file an entirely new case.  In other words, the dismissal of these newly named individuals, assuming that Plaintiff intended them to be defendants in this present case, is without prejudice to Plaintiff filing a new complaint in a new case raising the claims against the newley identified individuals.

Presently before the Court is a partial motion to dismiss for failure to state a claim, filed by the seven Defendants named in the Amended Complaint.

### B.     Applicable Legal Principles

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss may be granted by the court only if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).

### C.     Discussion

The amended complaint alleges that on October 30, 2005, Plaintiff was assaulted by Defendants Guzzie, Hoffman, Saylor, Kuhn, Shroyer and Lander, who were escorting Plaintiff and his cell mate to the shower, when Plaintiff's right hand slipped out of the handcuff.  Plaintiff

alleges that when his hand slipped out of the handcuff he raised his hand above his head and stated to Defendant Guzzie that "my handcuff open[ed] up[."]  Doc. 13 at 5, ¶ 21.  Plaintiff was then grabbed by Defendant Saylor from behind, slammed against a gate and then taken down to the floor.  Defendant Hoffman had his arm around Plaintiff's neck allegedly choking Plaintiff while the other five defendants allegedly kicked and punched Plaintiff while yelling "stop resisting."  Id. at ¶ 22.  After placing the handcuff back on Plaintiff securely, the same defendants then dragged Plaintiff to the shower.  Plaintiff apparently sustained a cut to the left shoulder and received medical attention for the injury.

On November 1, 2005, Plaintiff wrote to Defendant Wakefield, who was apparently the Superintendent of SCI-Greensburg, complaining of the assault and informing Defendant Wakefield that Plaintiff feared for his safety.  Plaintiff was transferred to SCI-Greene on November 9, 2005.  Plaintiff's only complaint against Defendant Wakefield is that Wakefield did not respond to Plaintiff's written complaints and grievances regarding the alleged assault.

Plaintiff also alleges that after the assault, he was then placed in a "strip cell" which consisted of "no mattress, cosmetics, sheets, blanket or clothing, just a pair of underwear, also Plaintiff was served with a di[s]ciplinary charge for assaulting staff based on" the handcuff incident where Plaintiff alleges he was assaulted.  Doc. 13 at 7, ¶ 27.

Plaintiff alleges that the foregoing acts state a claim for violating his First, Eighth and Fourteenth Amendment rights.

Defendants first argue that Plaintiff seeks to hold Defendant Wakefield liable only in his role as supervisor, i.e., under a theory of respondeat superior, which is not a permissible basis of liability under Section 1983.  See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(requiring personal involvement for liability to attach under Section 1983 cases).  Hence, the only way a defendant can be liable under Section 1983 is based upon facts showing that the

4

defendant was personally involved in causing the plaintiff to be deprived of his civil rights, i.e., the Defendant personally engaged in wrongdoing.

In response, Plaintiff argues that he has shown personal involvement in the excessive force claim. Specifically, Plaintiff argues that Wakefield's failure to do anything after the Plaintiff put him on notice about being assaulted constitutes personal involvement.

While Plaintiff does contend that Defendant Wakefield failed to discipline those Defendants allegedly involved in the assault on Plaintiff, such actions or inactions that occur after the alleged assault had already been completed cannot be said to have been the cause of violating Plaintiff rights. Without such causation, there is no personal involvement on the part of Defendant Wakefield and, thus, there can be no liability. See, e.g., Troublefield v. City of Harrisburg, Bureau of Police, 789 F.Supp. 160, 166 (M.D. Pa. 1992)("*Brower v. Inyo County*, 489 U.S. 593 (1989) . . . requires that some nature of volitional act on the part of the state actor must cause the harm to plaintiff for a fourth amendment excessive force claim to sound."), aff'd, 980 F.2d 724 (3d Cir. 1992)(Table) ; Ricker v. Weston, 27 Fed.Appx. 113, 119 (3d Cir. 2002)("This decision not to discipline the officers does not amount to active involvement in appellees' injuries given that all of the injuries occurred before the decision."). Hence, even giving the complaint a liberal reading, it is apparent that Plaintiff fails to state a claim against Defendant Wakefield.

Moreover, the only alleged "wrongdoing" engaged in by Defendant Wakefield is his failure to respond to Plaintiff's letters/grievances. However, such "wrongdoing" did not deprive Plaintiff of any of his constitutional rights. Anderson v. Colorado Dept. of Corrections, 185 F.3d 873 (Table), 1999 WL 387163, at *2 (10th Cir. 1999)("petitioner's allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner.

The failure to conduct an investigation or respond to petitioner's grievances does not impose an atypical and significant hardship"); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table), 2000 WL 799760, *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted); United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981), cert. denied, 455 U.S. 923 ("the simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension."). Accordingly, Defendant Wakefield's failure to respond to Plaintiff's grievances/letters does not state a claim for a constitutional violation upon which relief can be granted.

Next, the Defendants read Plaintiff's complaint to allege that the conditions of his confinement while placed in the strip cell violated his constitutional rights and the Defendants contend that such a complaint fails to state a claim upon which relief can be granted.

To establish an Eighth Amendment conditions of confinement claim, a prisoner must show that he has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)(internal quotes omitted), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000). To establish that one has been deprived of the minimal civilized measure of life's necessities requires a demonstration that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). The complaint alleges that Plaintiff was denied all clothing save for

underwear and he was denied a blanket. Liberally viewing this allegation, this <u>may</u> state a claim upon which relief can be granted. <u>See</u>, <u>e.g.</u>, <u>James v. Davis</u>, 2006 WL 2171082, * 19 (D.S.C. July 31, 2006)( finding that evidence of plaintiff's incarceration for five months without a mattress, sheets or a blanket sufficiently stated an Eighth Amendment violation).

Defendants refer to, *inter alia*, <u>Allebach v. Sherrer</u>, 2005 WL 1793726 (D.N.J. July 27, 2005), where the Court found that the plaintiff's placement and conditions in a spartan cell did not rise to the level of cruel and unusual punishment. We note, however, that the <u>Allebach</u> Court was addressing a summary judgment motion, whereas we are addressing a motion to dismiss herein, with the burdens and standards vastly different for the two procedural motions — the standard for a motion to dismiss being much more generous toward a plaintiff. Accordingly, we do not find the <u>Allebach</u> case to be persuasive.

Lastly, Defendants contend that the claim against Defendant Hoffman based on mere verbal threats allegedly made on September 26, 2005, fails to state a constitutional claim. In response, Plaintiff claims that the verbal threats allegedly made by Defendant Hoffman were made in retaliation for Plaintiff's filing of grievances.

In order to demonstrate an "adverse action," which is an element of a successful retaliation claim, a prisoner must show that "the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'"). <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). However, Plaintiff essentially concedes that verbal threats cannot, as a matter of law, constitute a retaliatory action given that verbal threats cannot as a matter of law deter a prisoner of ordinary firmness from engaging in protected activities. See Doc. 36-1 at 6 (wherein Plaintiff concedes that "threats do not amount to a First Amendment violation.")(citing <u>Gaut v. Sunn</u>, 810 F.2d 923 (9th Cir. 1987)(wherein the court noted that "Gaut also alleged he was "threatened with bodily harm' by the defendants 'to convince him to refrain from pursuing

legal redress' for the beatings. This allegation fails to state a cause of action under section 1983. . . . . The fact that the complaint alleges the threat to be for the purpose of denying Gaut access to the courts does not compel a contrary result.")).  We agree that the verbal threat which Defendant Hoffman allegedly made in retaliation for Plaintiff's filing of grievances simply is not sufficient to state a First Amendment retaliation claim.  See, e.g., Washington v. Webster, 883 F.2d 76 (Table), 1989 WL 91653, at *1 (6th Cir. 1989)("The threat to do harm in order to interfere with plaintiff's constitutional rights does not in itself give rise to a constitutional violation."); Rustan v. Rasmussen, 208 F.3d 218 (Table), 2000 WL 227987, at *2 (8th Cir. 2000) (no First Amendment retaliation claim where inmate alleged correctional officers harassed and verbally threatened him in retaliation for his grievance and petition against one of the officers; the court holding that the prisoner's claim of officers verbally threatening him "cannot form the basis of a cognizable section 1983 claim").   Nor does the fact that Defendant Hoffman allegedly followed through on the threats when, on October 30, 2005, he allegedly assaulted Plaintiff, change the result.  Verbal threats, whether acted upon or not, simply will not be sufficient to state a First Amendment claim.  See, e.g., Bartelli v. Lewis, NO. CIV.A. 3:CV-04-0908, 2005 WL 2406048, *2 (M.D.Pa. Sept. 29, 2005)("we determine that verbal  threats do not constitute an 'adverse action' and, therefore, do not fulfill a requisite element of a retaliation claim").  The alleged assault, on the other hand, if proven by Plaintiff to have been undertaken by Defendant Hoffman for retaliatory reasons, can itself serve as the basis for a First Amendment retaliation claim in addition to forming the basis for an Eighth Amendment claim of excessive force.

     Accordingly, the Defendants' motion to dismiss should be granted in part and denied in part.  It should be granted as to Defendant Wakefield and he should be dismissed as a party defendant.  It should be granted as to the verbal threats claim against Defendant Hoffman.  It

should be denied as to Plaintiff's conditions of confinement claim concerning his stay in the strip cell.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

/s/ *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:  22 January, 2007

cc:     Honorable Thomas M. Hardiman
        United States District Judge

        Steven Reid
        FW-5868
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 25370

        Mariah Passarelli, Esquire
        Office of the Attorney General
        564 Forbes Avenue
        6th Floor, Manor Complex
        Pittsburgh, PA 15219