IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:06-cv-0249 |
| ) | |
| WAKEFIELD, Correctional ) | |
| Superintendent; HOFFMAN, Correctional ) | Judge Thomas M. Hardiman/ |
| Sergeant; SAYLOR, Correctional Officer; ) | Magistrate Judge Amy Reynolds Hay |
| LANDER, Correctional Officer; ) | |
| SHROYER, Correctional Officer; KUHN, ) | |
| Correctional Officer; GUZZIE, ) | |
| Correctional Officer, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights action was received by the Clerk of Court on February 24, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 56), filed on January 23, 2007, recommended that the Defendant's Motion to Dismiss, Doc. 24, be granted in part and denied in part. The report recommended granting the motion to dismiss as to Defendant Wakefield and dismissing him as a party defendant. The report also recommended granting the motion to dismiss as to Plaintiff's claims against Defendant Hoffman for verbal threats. However, the Report recommended denying the motion to dismiss with respect to Plaintiff's conditions of confinement claims regarding his stay in the strip cell. Plaintiff has filed objections to the Report and Recommendation. Doc. 59-1. The only objection he makes is that Defendant Wakefield should not be dismissed as a party defendant.

In Plaintiff's complaint, he alleged that certain Defendants assaulted him on October 30, 2005.  Plaintiff does not allege that Defendant Wakefield, who was the superintendent, was even present at the alleged assault, yet alone participated in it.  Rather, Plaintiff simply alleged that after he had made Defendant Wakefield aware of the alleged assault, he did nothing.  Doc. 3 at 8, ¶ 32.  In their motion to dismiss, the Defendants pointed out that Plaintiff sought to impose liability on Defendant Wakefield solely on the basis of *respondeat superior*.  Doc. 25 at 2-5.  In his response to the motion to dismiss, Plaintiff argued only that "Plaintiff showed Defendant Wakefield['s] deprivation of rights and personal involvement when he failed to do anything after the plaintiff put him on notice about being assaulted.  Defendant Wakefield showed deliberate indifference after the plaintiff alerted him of being physically assaulted."  Doc. 36-1 at 3.  Confronted with Plaintiff's argument in response to the Defendants' motion for summary judgment, the report correctly noted that

> While Plaintiff does contend that Defendant Wakefield failed to discipline those Defendants allegedly involved in the assault on Plaintiff, such actions or inactions that occur after the alleged assault had already been completed cannot be said to have been the cause of violating Plaintiff rights. Without such causation, there is no personal involvement on the part of Defendant Wakefield and, thus, there can be no liability. *See, e.g., Troublefield v. City of Harrisburg, Bureau of Police*, 789 F.Supp. 160, 166 (M.D. Pa. 1992)("*Brower v. Inyo County* 489 U.S. 593 (1989) . . . requires that some nature of volitional act on the part of the state actor must cause the harm to plaintiff for a fourth amendment excessive force claim to sound."), aff'd, 980 F.2d 724 (3d Cir. 1992)(Table); *Ricker v. Weston*, 27 Fed.Appx. 113, 119 (3d Cir. 2002)("This decision not to discipline the officers does not amount to active involvement in appellees' injuries given that all of the injuries occurred before the decision."). Hence, even giving the complaint a liberal reading, it is apparent that Plaintiff fails to state a claim against Defendant Wakefield.
>
> Moreover, the only alleged "wrongdoing" engaged in by Defendant Wakefield is his failure to respond to Plaintiff's letters/grievances. However, such "wrongdoing" did not deprive Plaintiff of any of his constitutional rights. *Anderson v. Colorado Dept. of Corrections*, 185 F.3d 873 (Table), 1999 WL 387163, at *2 (10th Cir. 1999)

> ("petitioner's allegations relating to the requirements of the
> Department of Corrections grievance procedure do not support a
> due process claim because those procedures do not create any
> liberty interest in the incarcerated petitioner. The failure to conduct
> an investigation or respond to petitioner's grievances does not
> impose an atypical and significant hardship")[.]

Doc. 56 at 5-6. It was only after the Report pointed out the failings in Plaintiff's complaint and response to the motion to dismiss, that Plaintiff filed his objections and, essentially, for the first time, argued therein that his complaint was not based upon Defendant Wakefield's behavior **after** the assault had occurred so much as it was based on the fact that Plaintiff or his family had allegedly warned Defendant Wakefield prior to the alleged assault about Plaintiff being in danger. Plaintiff contended that he had informed Defendant Wakefield prior to the attack that he was being retaliated against by staff and this put Defendant Wakefield on notice that Plaintiff was at risk and still Defendant Wakefield did nothing. Doc. 59-1 at 2-4. Essentially, Plaintiff is arguing that Defendant Wakefield is liable for failing to protect Plaintiff notwithstanding being warned of a danger existing to Plaintiff, which danger allegedly came to pass on October 30, 2005, the date whereon Plaintiff was allegedly assaulted. Such is sufficient to state a claim. See, e.g., Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)("deliberate indifference to a known risk will ordinarily be demonstrated by evidence that the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries").

However, the question before us is not whether Plaintiff's objections state a claim but whether his complaint stated such a claim. The Court finds under the applicable standards of Fed. R. Civ. P. 12(b)(6), which requires that a complaint not be dismissed if relief is possible under any set of facts that can be proven consistent with the allegations of the complaint, Plaintiff's complaint does sufficiently state a claim under the theory that Defendant Wakefield

failed to protect him from a known risk of attack.  See Doc. 13 at 7, ¶ 28 ("Plaintiff's family also alerted prison authorities of Plaintiff's assault and **retaliatory threats from staff in the past**.")(emphasis added).  In addition, Plaintiff attached to the complaint as Exhibit 1, an "Inmate Request to Staff" dated August 24, 2005 and directed to Defendant Wakefield in which Plaintiff alerts Defendant Wakefield that Corrections Officers are engaging in terroristic threats against Plaintiff and agitating Plaintiff.  Doc. 13 at 9.  Accordingly, although Plaintiff only belatedly raised the argument that he seeks to hold Defendant Wakefield liable on a failure to protect claim, I find that his complaint sufficiently alleges such and that the Defendants' motion to dismiss should not be granted as to Defendant Wakefield.  Hence, the recommendation from the report is rejected to the extent that it recommends dismissal of Defendant Wakefield.

However, Plaintiff does not appear to object to the Report's recommendation concerning the dismissal of the verbal threat claim.  Nor did the Defendants object to the recommendation that the motion to dismiss be denied with respect to the conditions of confinement claim for his time spent in the strip cell.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 28th day of March, 2007;

**IT IS HEREBY ORDERED** that the motion to dismiss is granted in part and denied in part.  It is granted as to the verbal threats claim against Defendant Hoffman.  It is denied as to Plaintiff's claim concerning his stay in the strip cell.   It is also denied as to Plaintiff's claims against Defendant Wakefield.

      **IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 56), filed on January 23, 2007, by Magistrate Judge Hay, is adopted as the opinion of the court to the extent that it is not inconsistent with this memorandum order.

                                          s/ *Thomas M. Hardiman*
                                          Thomas M. Hardiman
                                          United States District Judge

cc:     Hon. Amy Reynolds Hay
         United States Magistrate Judge

         Steven Reid
         FW-5868
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 25370

         Mariah Passarelli, Esquire by Notice of Electronic Filing