IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


STEVEN REID,                                )
                 Plaintiff      )
                                            )
    vs.                                     )          Civil Action No. 06-249
                                            )
WAKEFIELD, Correctional                     )          Magistrate Judge Amy Reynolds Hay
Superintendent; HOFFMAN, Correctional       )
Sergeant; SAYLOR, Correctional Officer;     )
LANDER, Correctional Officer;               )
SHROYER, Correctional Officer; KUHN,        )
Correctional Officer; GUZZIE,               )
Correctional Officer,                       )
                Defendants     )

## OPINION

HAY, Magistrate Judge


       The plaintiff, Steven Reid, through his amended complaint, Dkt. [13], alleges that

on October 30, 2005, while a prisoner at SCI-Greensburg, he was assaulted by Corrections

Officers/Defendants Guzzie, Hoffman, Saylor, Kuhn, Shroyer and Lander, who were escorting

plaintiff and his cell mate to the shower, when plaintiff's right hand slipped out of his handcuff.

Plaintiff alleges that when his hand slipped out of the handcuff he raised his hand above his head

and stated to Defendant Guzzie that "my handcuff open[ed] up[."]  Dkt. [13] at 5, ¶ 21.  Plaintiff

asserts that he was then grabbed from behind by Defendant Saylor, slammed against a gate and

then taken down to the floor.  Defendant Hoffman had his arm around plaintiff's neck allegedly

choking him while the other five defendants allegedly kicked and punched plaintiff while yelling

"stop resisting."  Id. at ¶ 22.  After placing the handcuff securely back on plaintiff's wrist, the

same defendants then purportedly dragged him to the shower. Plaintiff apparently sustained a cut to his left shoulder and received medical attention for the injury.

On November 1, 2005, plaintiff wrote to defendant Wakefield, who was apparently the Superintendent of SCI-Greensburg, complaining of the assault and informing Wakefield that plaintiff feared for his safety. Plaintiff's only complaint against Wakefield is that he did not respond to plaintiff's written complaints and grievances regarding the alleged assault.

Plaintiff alleges that the foregoing acts state a claim for violating his First, Eighth and Fourteenth Amendment rights.

Plaintiff also alleges that after the assault, he was placed in a "strip cell" that had "no mattress, cosmetics, sheets, blanket or clothing, just a pair of underwear." Id. at 7, ¶ 27. He also complains that he was served with a disciplinary charge for assaulting staff based on the handcuff incident.

The case proceeded through discovery and the filing of pretrial statements. On April 9, 2008, plaintiff was released from his final institution of confinement, SCI-Houtzdale. Because he still owed $181.00 of the filing fee in this case, the Court ordered plaintiff to either pay the balance of the filing fee or apply as a non-prisoner for in forma pauperis status. In the same Order, the Court scheduled a Final Pretrial Conference for May 28, 2008, requiring plaintiff's presence at the conference.

Thereafter, plaintiff filed for and was granted in forma pauperis status as a non-prisoner. Plaintiff failed, however, to appear at the Final Pretrial Conference and failed to submit any request for a continuance of the conference notwithstanding the fact that chambers staff had

previously advised him that a motion for a continuance must be filed if he was unable to appear as ordered.

On May 28, 2008, the Court issued a Memorandum Order, Dkt. [120], affording plaintiff a final opportunity to proceed with his case and rescheduling the Final Pretrial Conference for June 16, 2008.  Again, the Court ordered that plaintiff was to appear in person and warned him that his failure to appear would result in dismissal of the action due to his failure to prosecute.   On June 16, 2008, plaintiff failed to appear as ordered and failed to notify the Court in advance - - or since - - of any circumstance that would have necessitated a continuance or prevented his attendance.

As the Court of Appeals for the Third Circuit has pointed out, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir.1982).  That said, it is also clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders to appear to prepare his case for trial, which weighs heavily against him. It was solely plaintiff's responsibility, proceeding pro se, to abide by the Court's orders and to appear at the conference to address trial matters. Plaintiff's failure to do so, even after being advised of the procedure for seeking a continuance prior to his first absence, and after being advised of the consequence, i.e., dismissal of his case, should he fail to comply with the second Order, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- there appears to be no specific prejudice other than general delay in having the case finally heard and resolved by a jury.

Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor of nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Because plaintiff failed to appear at the June 16, 2008 Final Pretrial Conference, after failing inexplicably to appear at the one previously scheduled and after being advised by the Court of the consequences should he fail to appear a second time, and failed to notify the Court in advance - - or since - - of any circumstance that would have necessitated a continuance or prevented his attendance, it appears that the plaintiff has no serious interest in pursuing his case.

4

Therefore, dismissal is the most appropriate action for this Court to take since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

An appropriate Order follows.

Dated: June 18, 2008

cc:     Steven Reid
        307 Neptune Place
        Scranton, PA 18505

        Mariah Passarelli,
        Deputy Attorney Genera
        by Notice of Electronic Filing